IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | |
|---|---|
| WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, WARNER-TAMERLANE PUBLISHING CORP., a California Corporation, WB MUSIC CORP., a California Corporation, UNICHAPPELL MUSIC INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, COTILLION MUSIC, INC., a Delaware Corporation, WALDEN MUSIC, INC., a New York corporation and HOUSE OF GOLD MUSIC, INC., d/b/a "WARNER HOUSE OF MUSIC," a Delaware Corporation, <br><br> Plaintiffs/Counterclaim Defendants, <br><br> v. <br><br> BLUE MOON VENTURES, INC., a Washington Corporation, d/b/a "LOUDKARAOKE.COM", and EDWARD YIM, Individually, <br><br> Defendants/Counterclaim Plaintiffs. | No. 3:10-cv-01160 <br><br> Chief Judge Campbell <br><br> Magistrate Judge Knowles <br><br><br> JURY DEMAND |

## ANSWER OF DEFENDANTS BLUE MOON VENTURES, INC. AND EDWARD YIM TO VERIFIED COMPLAINT FOR INJUNCTION AND DAMAGES AND COUNTERCLAIM

Defendants Blue Moon Ventures, Inc. ("Blue Moon"), a Washington corporation doing business as LoudKaraoke.com ("Loud Karaoke"), and Edward Yim, an individual (collectively,

"Defendants") answer the Verified Complaint for Injunction and Damages ("Complaint") of Plaintiffs Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., Unichappell Music, Inc., Rightsong Music, Inc., Cotillion Music, Inc., Walden Music, Inc., and House of Gold Music, Inc. (collectively, "Plaintiffs") and otherwise defend as follows:

## JURISDICTION AND VENUE

1. Admit that Plaintiffs assert entitlement to injunctive and monetary relief in this action under Copyright Act of 1976, 17 U.S.C. §§ 101 et seq., and deny any remaining allegations of paragraph 1.

2. Deny.

## THE PARTIES

1. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and on that basis deny such allegations.

2. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and on that basis deny such allegations.

3. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and on that basis deny such allegations.

4. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4, and on that basis deny such allegations.

5. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that basis deny such allegations.

6. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6, and on that basis deny such allegations.

7. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7, and on that basis deny such allegations.

8. Lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8, and on that basis deny such allegations.

9. Admit that Blue Moon is a Washington corporation and deny the remaining allegations of paragraph 9.

10. Admit that Blue Moon operates an internet business called Loud Karaoke at the website www.loudkaraoke.com, and deny any remaining allegations of paragraph 10.

11. Admit that Edward Yim resides at 25929 NE 1st Place, Sammamish, Washington 98074-3477, and is the president of Blue Moon, and deny any remaining allegations of paragraph 11.

## FACTUAL BACKGROUND

12. Deny that Defendants are among the leading competitors in the karaoke business, and lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations of paragraph 12, and on that basis deny such allegations.

13. Admit that consumers can sing along to karaoke recordings, and lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations of paragraph 13, and on that basis deny such allegations.

14. Admit that sound clips have been available for a small percentage of the songs on the Loud Karaoke website, and deny the remaining allegations of paragraph 14.

15. Admit that owners of valid copyrights in music compositions have the exclusive right to reproduce the copyrighted work in copies or phonorecords; admit that Defendants are not

3

a party to any license agreement with Plaintiffs; admit that Defendants have not been granted authorization by Plaintiffs directly to record, reproduce, distribute, market, advertise, sample, or sell Plaintiffs' compositions; lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs are the music publishers that own or control, in whole or in part, the copyrights in thousands of well known and popular music compositions, and on that basis deny such allegation; lack knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiffs license the rights to record, reproduce, distribute, advertise and otherwise exploit such copyrighted musical works, in exchange for payment of royalties or other fees customarily associated with the issuance of such licenses and on that basis deny such allegation; and deny any remaining allegations of paragraph 15.

16. Admit that a synchronization license typically grants the right to use a copyrighted musical composition in "timed-relation" or synchronization with an audiovisual work, and lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations of paragraph 16, and on that basis deny such allegations.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

17. Lack knowledge or information sufficient to form a basis as to the truth of the allegations of paragraph 17, and on that basis deny such allegations.

18. Lack knowledge or information sufficient to form a basis as to the truth of the allegations of paragraph 18, and on that basis deny such allegations.

19. Deny.

20. Deny.

21. Deny.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. §§ 101, ET SEQ.

### (Direct Copyright Infringement vs. BLUE MOON VENTURES, INC. and EDWARD YIM, Individually) ("BLUE MOON Defendants")

22. Defendants reallege and incorporate by reference their responses to the allegations of all the preceding paragraphs as if fully set forth herein.

23. Deny.

24. Deny.

25. Deny.

a - m. Defendants aver that the WHEREFORE paragraphs a - m, which appear after paragraph 25 of the Complaint, do not contain any allegations that require a response. To the extent, if any, that such paragraphs include any allegations requiring a response, Defendants deny them.

## SECOND CLAIM FOR RELIEF

### (Willful Copyright Infringement vs. BLUE MOON VENTURES, INC. and EDWARD YIM, INDIVIDUALLY) ("BLUE MOON DEFENDANTS")
### PURSUANT TO 17 U.S.C. § 504(c)(2)

26. Defendants reallege and incorporate by reference their responses to the allegations of all the preceding paragraphs as if fully set forth herein.

27. Deny.

28. Deny.

29. Deny.

5

a - m.  Defendants aver that the WHEREFORE paragraphs a - m, which appear after paragraph 29 of the Complaint, do not contain any allegations that require a response. To the extent, if any, that such paragraphs include any allegations requiring a response, Defendants deny them.

## THIRD CLAIM FOR RELIEF
## UNFAIR COMPETITION vs. BLUE MOON DEFENDANTS

30. Defendants reallege and incorporate by reference their responses to the allegations of all the preceding paragraphs as if fully set forth herein.

31. Deny that Defendants infringed copyrights, and lack knowledge or information sufficient to form a basis as to the truth of the remaining allegations, and on that basis deny such allegations.

32. Deny.

33. Deny.

a – b.  Defendants aver that the WHEREFORE paragraphs a - b, which appear after paragraph 33 of the Complaint, do not contain any allegations that require a response. To the extent, if any, that such paragraphs include any allegations requiring a response, Defendants deny them.

## DEFENSES AND AFFIRMATIVE DEFENSES

As and for its separate defenses and affirmative defenses to Plaintiffs' Verified Complaint for Injunction and Damages, Defendants assert the following:

1. Plaintiffs' claims are barred, in whole or in part, under the applicable statute of limitations.

6

2. Plaintiffs' claims are barred, in whole or in part, by latches, estoppel, and/or waiver.

3. Plaintiffs' claims are barred, in whole or in part, by license.

4. Plaintiffs' claims are barred, in whole or in part, by accord and satisfaction and/or payment.

5. Plaintiffs' claims are barred, in whole or in part, because Defendants have not engaged in any type of infringement.

6. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have not met the necessary preconditions under 17 U.S.C. § 411.

7. To the extent that Defendants are found to have infringed any work (which Defendants deny), Plaintiffs' claims for statutory damages and/or attorneys' fees are barred by 17 U.S.C. § 412.

8. To the extent that Defendants are found to have infringed any work (which Defendants deny), Plaintiffs' claims for statutory damages are limited by 17 U.S.C. § 504(c)(2) because Defendants were not aware and had no reason to believe that the acts alleged constituted infringement.

9. Plaintiffs' Verified Complaint for Injunction and Damages fails to state facts upon which the claims for increased statutory damages may be maintained under 17 U.S.C. § 504(c).

10. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

11. Plaintiffs' claims are barred, in whole or in part, by lack of indispensible and/or necessary parties.

12. The Verified Complaint for Injunction and Damages fails to state a claim upon which relief can be granted.

13. Plaintiffs' claims are barred, in whole or in part, because the Complaint fails to establish the validity of the copyrights in the music compositions identified in Exhibits A-I of the Complaint.

14. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs do not own the copyrights in the music compositions identified in Exhibits A-I of the Complaint.

15. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' rights, if any, in the music compositions identified in Exhibits A-I of the Complaint are limited to the rights provided by 17 U.S.C. § 106.

16. Plaintiffs' claims are barred, in whole or in part, by the First Sale Doctrine.

17. Plaintiffs' claims are barred, in whole or in part, because any infringement, if any, was innocent.

18. Plaintiffs' attempt to preclude the advertisement, marketing, promotion, and other "exploitation" of copyrighted music compositions is an unreasonable restraint of trade, anticompetitive, copyright misuse and bad faith copyright enforcement.

19. Defendants acted reasonably and in good faith.

20. Plaintiffs' claims for injunctive relief are barred because Plaintiffs cannot show that they will suffer any continuing and/or irreparable harm from Defendant's alleged actions.

21. The alleged injury or damage suffered by Plaintiffs, if any, would be adequately compensated by damages; Plaintiffs, therefore, have a complete and adequate remedy at law and are not entitled to equitable relief.

22. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs were not damaged by Defendants' alleged actions.

23. Plaintiffs' claims are barred, in whole or in part, because Defendants were not the actual or proximate cause of any damages to Plaintiffs.

24. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to mitigate their damages, if any.

25. Plaintiffs' claims are barred, in whole or in part, because any injury to Plaintiffs is a consequence of Plaintiffs' own negligence or contributory negligence.

26. Without admitting that the Verified Complaint for Injunction and Damages states a claim, any remedies are limited to the extent that there is sought an overlapping or duplicative recovery pursuant to the various claims for any alleged single wrong.

27. Plaintiffs' claims are barred, in whole or in part, under 17 U.S.C. § 301.

28. Without admitting that the Verified Complaint for Injunction and Damages states a claim, any remedy with respect to a parts of a compilation or derivative work is limited under 17 U.S.C. § 504(c)(1) to the extent that all the parts of a compilation or derivative work constitute one work.

29. Plaintiffs' Verified Complaint for Injunction and Damages fails to state facts upon which the claims for attorneys' fees and/or costs may be maintained.

30. The Court lacks personal jurisdiction over Defendants.

31. Venue is not proper in this District.

32. Defendants do not waive and reserve the right to amend this Answer to assert additional defenses and affirmative defenses as discovery progresses in this matter.

9

## COUNTER CLAIM

Blue Moon Ventures, Inc., and Edward Yim (hereinafter, "Counterclaim Plaintiffs") state the following counterclaims against Warner/Chappell Music, Inc., Warner-Tamerlane Publishing Corp., WB Music Corp., Unichappell Music, Inc., Rightsong Music, Inc., Cotillion Music, Inc., Walden Music, Inc., and House of Gold Music, Inc. (collectively, "Counterclaim Defendants"):

## FIRST COUNTERCLAIM
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

33. Counterclaim Plaintiffs incorporate the preceding paragraphs as though fully set forth herein.

34. Counterclaim Plaintiffs assert that they were not engaged in any type of infringement with respect to some or all of the works identified on Exhibits A-I of the Verified Complaint for Injunction and Damages.

35. Counterclaim Plaintiffs request entry of a declaratory judgment that they have not engaged in infringement of any type in regard to some or all of the works identified on Exhibits A-I of the Verified Complaint for Injunction and Damages.

## PRAYER FOR RELIEF

WHEREFORE, Defendants pray as follows:

36. That Plaintiffs take nothing from Defendants;

37. That the Court enter a judgment dismissing with prejudice the Verified Complaint for Injunction and Damages and each of its purported causes of action;

38. That the Court enter a judgment for Counterclaim Plaintiffs declaring that the Counterclaim Plaintiffs have not engaged in infringement of any type of any of the works identified on Exhibits A-I of the Verified Complaint for Injunction and Damages;

39. That the Court award Defendants their reasonable expenses and costs of suit, including but not limited to reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

40. That the Court grant Defendants such other further relief as the Court may deem proper.

## JURY DEMAND

Defendants hereby demand trial by jury on all issues triable to a jury.

Dated this 4th day of January, 2011.

Respectfully Submitted,

By: s/ *James E. Zwickel*

James E. Zwickel (BPR No. 003845)
Attorney at Law
P.O. Box 8436
Hermitage, TN 37076
(615) 972-2518 Tel.
(615) 296-5008 EFax
cszwick@comcast.net

By: s/ *O. Yale Lewis, Jr.*
(*pro hac vice* admission pending)

HENDRICKS & LEWIS PLLC

O. Yale Lewis, Jr. (WSBA No. 01367)
Kara C. Herschkowitz (WSBA No. 40569)
901 Fifth Avenue, Suite 4100
Seattle, Washington 98164
Email:oyl@hllaw.com
Email:kch@hllaw.com
Telephone: (206) 624-1933
Facsimile:(206) 583-2716

Attorneys for Defendants, Blue Moon Ventures, Inc. and Edward Yim

## **VERIFICATION**

I, Edward Yim, declare under penalty of perjury that the foregoing factual matters set forth in the ANSWER OF DEFENDANTS BLUE MOON VENTURES, INC. AND EDWARD YIM TO VERIFIED COMPLAINT FOR INJUNCTION AND DAMAGES AND COUNTERCLAIM are true and correct and as to those matters stated upon information and belief are believed to be true and correct.

*/s/ Edward Yim*
Edward Yim
President of Blue Moon Ventures, Inc.

Executed on: 1/4/11

12

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the ANSWER OF DEFENDANTS BLUE MOON VENTURES, INC. AND EDWARD YIM TO VERIFIED COMPLAINT FOR INJUNCTION AND DAMAGES AND COUNTERCLAIM was served upon all Filing Users including the following Filing Users utilizing the Electronic Filing System [CM/ECF]: Counsel for the Plaintiffs, Timothy R. Warnock and Howell G., O'Rear, c/o Riley Warnock & Jacobsen, 1906 West End Ave., Nashville, TN 37203 TWarnock@rwjplc.com, horear@rwjpldc.com, Fax No. 615-320-3737 and Paul Harrison Stacey, Law Offices of Paul Harrison Stacey, P.C., 7225 N. Spring Gulch Road, P.O. Box 4157, Jackson WY 83001 PStacey151@msn.com Fax No. 307-733-7360 on this the 4th day of January, 2011.

*James E. Zwickel*

James E. Zwickel