IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE, TENNESSEE

| | |
|---|---|
| WARNER/CHAPPELL MUSIC, INC., a Delaware Corporation, WARNER-TAMERLANE PUBLISHING CORP., a California Corporation, WB MUSIC CORP., a California Corporation, UNICHAPPELL MUSIC INC., a Delaware Corporation, RIGHTSONG MUSIC, INC., a Delaware Corporation, COTILLION MUSIC INC., a Delaware corporation, WALDEN MUSIC, INC., a New York corporation and HOUSE OF GOLD MUSIC, INC., d/b/a "WARNER HOUSE OF MUSIC," a Delaware Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> BLUE MOON VENTURES, INC., a Washington Corporation, d/b/a "LOUDKARAOKE.COM", and EDWARD YIM, Individually, <br><br> Defendants. | No. 3:10-cv-01160 <br><br> Chief Judge Campbell <br><br> Magistrate Judge Knowles <br><br><br> JURY DEMAND |

## SUPPLEMENTAL DECLARATION OF EDWARD YIM

I, Edward Yim, declare under penalty of perjury under the laws of the United States of America that the following is true and correct:

1. The facts set forth herein are within my personal knowledge except where otherwise indicated and, if sworn as a witness, I could and would testify competently thereto under oath.

2. I have reviewed Plaintiffs' Reply to Defendants' Response in Opposition to Plaintiffs' Application for Temporary Restraining Order and Preliminary Injunction ("Reply"), and, in particular, pages 7-8, where Plaintiffs argue:

> [T]he shipping confirmation documents generated and provided by the Defendants to Sam Sanchez, who purchased infringing recordings of the Subject Works on several discs via the www.loudkaraoke.com website, from a location in the Middle District of Tennessee, indicates that they purported to be shipped from the "LOUDKARAOKE.COM WH." The sender designation "WH" clearly signifies the Defendants' warehouse. . . . When a visitor to the website is induced to purchase and placed [sic] an order, the goods are represented to be shipped from the loudkaraoke.com warehouse in Deerpark, New York.

3. I can state categorically neither I nor my company has a warehouse in New York, or anywhere else, for karaoke equipment or CDs. Blue Moon has other online businesses for which we maintain some inventory on shelving in our office space (such as TV cables and hand warmers) but we do not maintain any separate warehouse.

4. This is because Blue Moon/Loud Karaoke ("Loud Karaoke") does not maintain or handle any inventory of karaoke equipment or CDs.

5. The order from Mr. Sam Sanchez in Franklin, Tennessee, that the Plaintiffs reference in their Reply (pages 7-8) is typical of orders that Loud Karaoke regularly receives. And the way the order was processed through fulfillment and shipping by East Coast Karaoke ("ECK")—a distributor in Deer Park, New York—was also typical:

    a. Customer Mr. Sanchez goes to the Loud Karaoke website and selects the CDs and places Order #534531.

    b. He pays by credit card and is sent an email confirmation of the order with the items he has selected. Attached as **Exhibit A** is a true and correct

copy the order confirmation receipt dated September 23, 2010 from Loud Karaoke to Mr. Sanchez;

c. Loud Karaoke's automated order system performs an automated review of the items Mr. Sanchez has selected and determines the order can most likely be appropriately fulfilled by ECK in New York and tags it as an order to be sent to ECK.

d. On the morning the order was received, a Loud Karaoke customer service representative ("CSR") logged into the Loud Karaoke order processing computer system and clicked a button that sent an email to ECK that contains Mr. Sanchez's order and any other orders from that day that the system determined ECK can fulfill. Attached hereto as **Exhibit B** is a true and correct copy of the email from Loud Karaoke to ECK referencing Order # 534531 which includes:

   i. The order number;

   ii. The shipping method, UPS Ground;

   iii. The shipping address;

   iv. The email address; and

   v. The list of items ordered.

e. On ECK's end, they determine as quickly as possible whether or not they can fulfill the order and if they cannot they call or email Loud Karaoke to relay that information. If the requested items are not available, and no other distributor that we use is able to fulfill the order, the customer is so

informed. The customer can either wait for the product to become available or cancel the order and Loud Karaoke will refund the price paid.

 f. In the case of Mr. Sanchez's order, ECK was able to fulfill the order. UPS picked up the package from ECK's warehouse on September 23, 2010 and delivered it to Mr. Sanchez on September 27, 2010. Attached hereto as **Exhibit C** is a true and correct copy of the UPS Proof of Delivery Notice dated September 27, 2010.

 g. At the end of each day, ECK sends a fax to Loud Karaoke invoicing for the orders it has fulfilled on that day. Attached hereto as **Exhibit D** is a true and correct copy of the fax invoice from ECK to Loud Karaoke dated September 23, 2010 invoicing the fulfilled order placed by Mr. Sanchez (at page 3).

 h. ECK then charges a Loud Karaoke credit card for the amount invoiced.

6. An example of the process when a product is not available occurred on September 28, 2010 when Mr. Sanchez placed a separate order through Loud Karaoke for four additional items under Order # 534643. On September 29, 2010, the order was sent by Loud Karaoke to ECK. ECK let us know that one of the ordered CDs was out of stock and two others were discontinued. Later that same day a Loud Karaoke CSR called the customer and left a voicemail message about the out of stock and discontinued items. On October 11, 2010, the customer called Loud Karaoke back and the CSR informed him that a refund would need to issue for the discontinued items but that availability of the other items would be checked. The CSR checked with KTS Karaoke, Inc. and again with ECK to see if the other two ordered discs were available through either of those distributors. It was determined that ECK could fulfill the order for one

disc. On October 14, 2010 the CSR spoke on the telephone with the customer and told him that Loud Karaoke would issue a refund for the out of stock and discontinued items. On October 19, 2010 an email order for the one disc found to be in stock at ECK was sent to ECK for fulfillment. On October 25, 2010, Loud Karaoke refunded the customer $90.97 for the discs that were unavailable.

7. When a customer places an order through www.loudkaraoke.com, the customer selects from the following shipping methods: Free Shipping (Postal Mail), US Postal, UPS Ground, or expedited. In the ordinary course of business, Defendants do not make any determination with respect to shipping method.

8. Defendants do not supervise, manage, or control any aspect of the shipping procedures of ECK, or the distributors JS Karaoke LLC, and KTS Karaoke, Inc. Each of these distributors, which I identified in my first declaration, selects, purchases and provides its own shipping materials (e.g., envelopes, boxes, packaging, etc.) and creates and applies its own shipping labels. Each one is different: The ECK shipping label reads: "LOUDKARAOKE.COM WH" with the ECK address under it; the JS Karaoke label reads: "WAREHOUSE" with the JS Karaoke address under it; and the KTS Karaoke label reads: "DTS Karaoke" with the KTS address under it. In each case, the distributors use their own address as the return address for the shipping labels. Attached hereto as **Exhibits E, F, and G** are true and correct copies of shipping labels used by ECK, JS Karaoke LLC, and KTS Karaoke, Inc., respectively, for shipping karaoke CDs ordered through www.loudkaraoke.com.

9. Over the years I may have seen shipping labels of various distributors; but have no recollection of the language that might have appeared on any of them other than what I have reviewed since this litigation began.

{95332.DOC}                                                   5

Case 3:10-cv-01160    Document 36    Filed 01/14/11    Page 5 of 7 PageID #: 936

10. Prior to this litigation, I was not aware that ECK, or any distributor, identified "LOUDKARAOKE.COM WH" on its shipping labels.

11. I do understand the reasons that ECK puts "LOUDKARAOKE.COM WH" on its shipping labels above ECK's own address: first, it's a form of courtesy, so that the customers to whom ECK is shipping will not go directly to ECK with any future orders; and second, it facilitates the processing of any items that are returned.

12. I am not aware of any person who has ordered karaoke CDs from Loud Karaoke for the purpose of making copies, distributing or re-selling the karaoke CDs.

13. I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

EXECUTED at Omaha, ~~Washington~~ NE, this 14th day of January, 2011.

_____
EDWARD YIM

{95332.DOC}

6

Case 3:10-cv-01160 Document 36 Filed 01/14/11 Page 6 of 7 PageID #: 937

TOTAL P.01

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true copy of the foregoing Supplemental Declaration of Edward Yim was served upon all Filing Users including the following Filing Users utilizing the Electronic Filing System [CM/ECF]: Counsel for the Plaintiffs, Timothy R. Warnock and Howell G., O'Rear, c/o Riley Warnock & Jacobsen, 1906 West End Ave., Nashville, TN 37203 TWarnock@rwjplc.com, horear@rwjplc.com, Fax No. 615-320-3737 and Paul Harrison Stacey, Law Offices of Paul Harrison Stacey, P.C., 7225 N. Spring Gulch Road, P.O. Box 4157, Jackson WY 83001 PStacey151@msn.com Fax No. 307-733-7360 on this the 14th day of January, 2011.

                *Kara C. Herschkowitz*

                Kara C. Herschkowitz