UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WARNER/CHAPPELL MUSIC, INC., a )
Delaware Corporation, WARNER- )
TAMERLANE PUBLISHING CORP., a )
California Corporation, WB MUSIC CORP., )
a California Corporation, UNICHAPPEL )
MUSIC, INC., a Delaware Corporation, )
RIGHTSONG MUSIC, INC., a Delaware )
Corporation, COTILLION MUSIC, INC., )
a Delaware Corporation, WALDEN, )
INC., a New York Corporation, and )
HOUSE OF GOLD MUSIC, INC., d/b/a )
"Warner House of Music" )
 )
v. ) NO. 3:10-1160
 ) JUDGE CAMPBELL
BLUE MOON VENTURES, INC., a )
Washington Corporation, d/b/a/ )
"LOUDKARAOKE.COM," and )
EDWARD YIM, Individually )

TEMPORARY RESTRAINING ORDER

Pending before the Court is a Motion for a Temporary Restraining Order and Preliminary Injunction filed by the Plaintiff (Docket No. 9). The Motion asks this Court, among other things, to issue a Temporary Restraining Order ("TRO") enjoining Defendants from manufacturing, distributing or otherwise exploiting musical compositions owned and/or administered by Plaintiffs without first obtaining a license from Plaintiffs authorizing the exploitation, and ordering and that Defendants preserve all digital and physical information and products relating to the exploitation of Plaintiffs' musical compositions. The Court held a hearing on the Motion on January 18, 2011, which was attended by counsel for all parties.

1

For the reasons described below, the Motion for a Temporary Restraining Order is GRANTED on the terms and conditions stated herein.

In determining whether to issue a TRO pursuant to Rule 65 of the Federal Rules of Civil Procedure, the Court is to consider: (1) the plaintiff's likelihood of success on the merits; (2) whether the plaintiff may suffer irreparable harm absent the injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) the impact of the injunction on the public interest. Abney v. Amgen, Inc., 443 F.3d 540, 546 (6th Cir. 2006).

Based on the Amended Complaint, Motion, Affidavits, briefs, pleadings, representations of counsel and the entire record, the Court finds:

(1) Plaintiff has demonstrated a strong or substantial likelihood of success on the merits of its claims. Specifically, the Court finds that Defendants have sold musical compositions owned and/or administered by Plaintiffs without a license authorizing the exploitation;

(2) Plaintiff has demonstrated that it will suffer immediate and irreparable injury, harm, loss, or damage if injunctive relief is not granted pending a preliminary injunction hearing. Specifically, the Court finds that the value of Plaintiffs' intellectual property will be diminished if an injunction is not issued. The Defendants' voluntary cessation of sales of certain musical composition is not sufficient because it is revocable by Defendants at will;

(3) the balance of relative harms among the parties weighs in favor of Plaintiffs against Defendants; and

(4) the public interest will not be harmed by injunctive relief pending a preliminary injunction hearing.

Under the circumstances of this case, Plaintiff shall post a bond in the amount of $10,000.00 with the Clerk of Court.

It is, therefore, ordered, pursuant to Federal Rule of Civil Procedure 65, that Defendants, their officers, agents, employees, servants, attorneys, and all persons in active concert or participation with them are hereby restrained and enjoined from selling, uploading soundclips to a website, or distributing the musical compositions listed on the attached Exhibits A through H (excluding the seventeen (17) musical compositions in the attached Exhibit 1, Docket No. 37, page 4 of 7) without a license authorizing the exploitation. Defendants are further ordered to preserve all digital and physical information and products in their possession relating to the exploitation of the aforementioned musical compositions.[1]

This Temporary Restraining Order shall expire at midnight on the fourteenth (14th) day after its issuance. A preliminary injunction hearing is set for February 1, 2011, at 9:00 a.m.

This Temporary Restraining Order is effective upon its issuance on January 18, 2011.

The parties shall file the following with the Court five (5) days before the preliminary injunction hearing: (1) affidavits; (2) witness lists; (3) exhibit lists; (4) depositions and/or deposition designations; (5) stipulations; (6) motions in limine; and (7) supplemental briefs. No witness shall testify live at the preliminary injunction hearing unless the party calling such witness to testify has identified and made that witness available for a deposition at prior to the hearing.

IT IS SO ORDERED.

*Todd Campbell*
TODD J. CAMPBELL
UNITED STATES DISTRICT JUDGE

---

[1] Exhibit I, filed as Docket No. 33-9, is not included in this TRO because the parties have represented to the Court that the "Chartbuster" brand musical compositions are licensed or are otherwise no longer at issue.

3

Case 3:10-cv-01160    Document 39    Filed 01/18/11    Page 3 of 3 PageID #: 1003